**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **AARON C. KNAPP,** | ) | **CASE NO. 1:25 CV 2213** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF LORAIN,** *et al.,* | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

*Pro se* Plaintiff Aaron C. Knapp has filed a civil rights complaint in this case under 42 U.S.C. § 1983 against the City of Lorain and individual Defendants James McCann, Rey Carrion, Jack Bradley, Joseph LaVeck, and Tim Weitzel.   (Doc. No. 1.)   Plaintiff did not pay the filing fee, but instead, filed a motion to proceed *in forma pauperis.*  (Doc. No. 2).  That motion is granted, but the complaint is dismissed for the following reasons.

**Background**

Plaintiff's complaint does not set forth clear factual allegations.  The only allegations he provides are set forth in a portion of his complaint labeled as "Tolling and Discovery Rule" in connection with the statute of limitations.  (*See id*. at ¶¶ 4-9.)  In that portion of his complaint, Plaintiff states that, from March 2023 through August 2025, he made "repeated public-records requests under R.C. 149.43 to the City of Lorain" for "emails, texts, and memoranda concerning [him]" and that, for more than two years, the City denied or delayed production.  (*Id*. at 4.)

He states that "[i]n August 2025, the City released previously withheld emails showing that Chief James McCann personally contacted the Ohio Counselor, Social Worker, and Marriage &

1

Therapist Board − Plaintiff's licensing authority – [and] made false statements about [him]," and then denied doing so."  (*Id*. at 5.)  He states that "the same production revealed that Mayor Jack Bradley and Law Director Joseph LaVeck were aware of McCann's outreach [to his licensing authority] and participated in concealing and excusing it by rerouting requests through legal review, delaying release, and providing misleading information to Plaintiff and state officials." (*Id*. at ¶ 6.)  He states the City's "August 2025 disclosure links Chief McCann's retaliatory conduct to concealment by Bradley and LaVeck." (*Id*. at ¶ 8.)

Based on these allegations, Plaintiff alleges federal civil rights claims for "First Amendment Retaliation" and "Municipal Liability" under 42 U.S.C. § 1983 (Counts I and II) and "Federal Statutory Violations" under 18 U.S.C. §§ 241, 242, and § 1519 (Count VIII), in addition to state-law claims.[1]  He seeks damages and injunctive and declaratory relief.  (*Id*. at 5, "Prayer for Relief.")

### Standard of Review and Discussion

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf.  *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief

---

[1] He asserts state-law claims for Tortious Interference with Contract (Count III), Intentional Infliction of Emotional Distress (Count IV), Destruction or Concealment of Public Records (Count V) and "Civil Liability for Injuries Caused by Criminal Acts" (Count VI).

may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Upon review, the Court finds that Plaintiff's complaint warrants dismissal pursuant to § 1915(e)(2)(B) because even liberally construed, it fails to allege a plausible federal civil rights claim upon which relief may be granted.

As an initial matter regarding Defendants Weitzel and Carrion, Plaintiff's complaint must be dismissed because it does not assert any allegations regarding their conduct or connecting them to alleged misconduct. Where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983"); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976) (a plaintiff cannot establish the liability of individual defendants for constitutional violations absent allegations showing that each defendant was personally involved in the conduct which forms the basis of his claims).

3

Plaintiff's complaint also alleges no plausible federal civil claim, against any Defendant, for statutory violations under 18 U.S.C. §§ 241, 242, and § 1519. Those are all federal criminal statutes that do not provide a private right or civil cause of action. *See, e.g., U.S. v. Oguaju*, 76 F. App'x 579 (6th Cir. 2003) (there is no private right of action under 18 U.S.C. §§ 241 and 242); *Horner v. Michigan*, No. 25-11062, 2025 WL 1195557, at *1 (E.D. Mich Apr. 24, 2025) (dismissing *pro se* civil case suing defendants under 18 U.S.C. § 1519).

In addition, the Court finds Plaintiff's allegations insufficient to state a plausible First Amendment retaliation claim. The First Amendment protects a citizen's right to make public-records requests, although it does not compel disclosure of underlying records. *See Spithaler v. Smith*, 803 F. App'x 826, 929 (6th Cir. 2020). But that "is not the end of the analysis." *See Moles v Smith, et al.*, No. 1: 25-cv-1008, 2025 WL 3677000, at *5 (N.D. Ohio Dec. 18, 2025) (report and recommendation adopted by *Moles v. Smith, et al.*, 2026 WL 445387 (N.D. Ohio Feb. 17, 2026)). To state a plausible retaliation claim, Plaintiff must also allege facts sufficient to show that Defendants took adverse actions against him that caused him to suffer an injury that would likely chill a person of ordinary firmness from continuing that activity, and, that Defendants' actions were motivated at least in part by the exercise of his constitutional rights. *McElhaney v. Williams*, 81 F.4th 550, 556 (6th Cir. 2023).

Although Plaintiff's complaint indicates he engaged in constitutionally protected speech, it does not set forth allegations plausibly demonstrating the necessary elements of a viable claim. Nothing in his complaint suggests that the "retaliatory conduct" of which he complains (*i.e.*, Defendant McCann's alleged reporting of false information about him to his licensing authority in which he contends Defendants Bradley and LaVeck participated) deterred or chilled him in any way from engaging in the protected First Amendment activity he alleges, that is, his making

4

"repeated public-records requests under R.C. 149.43 to the City of Lorain."  In fact, his complaint indicates that he continued to make public records requests from 2023 to August 2025, even though he contends the alleged retaliatory conduct took place throughout this time period.  The complaint does not support a plausible inference that Defendants took adverse actions against him "that would likely chill a person of ordinary firmness from engaging in" the First Amendment activity he alleges.

Nor has Plaintiff alleged facts plausibly showing that the alleged retaliatory conduct was motivated by his public-records requests. To demonstrate causation, a plaintiff "must point to specific, nonconclusory allegations reasonably linking" the plaintiff's protected activity to the adverse action.  *See Stevens v. Thetford Township*, 475 F. App'x 556, 560 (6th Cir. 2012) (quoting *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010) (quotation marks omitted)). Plaintiff does not allege facts plausibly linking his exercise of free speech with Defendants' alleged reporting of false information to his licensing authority.

Finally, Plaintiff has failed to state a plausible civil rights claim, on any basis, against the City of Lorain.  A local government may be liable under § 1983 only when its own "policy or custom" causes a constitutional injury.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). But there can be no liability under *Monell* where, as here, there is no underlying constitutional violation.  *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014).  Further, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). Plaintiff does not allege facts demonstrating that the City of Lorain had a custom or policy that caused a violation of his rights.  Plaintiff's allegations regarding municipal

liability are purely conclusory and insufficient to state a claim.  *See Bilder v. City of Akron*, No. 92–4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (upholding dismissal of *pro se* complaint offering only conclusory allegations that the City of Akron negligently hired and trained an employee).

### Conclusion

Plaintiff's federal civil rights complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for the foregoing reasons.  In the absence of any viable federal claim in the case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, which may be addressed in state court, and they are dismissed without prejudice.  Therefore, this action is dismissed.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*David A. Ruiz*  March 19, 2026
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE